IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ESTATE OF ROEL TUNGPALAN, ET AL., | Civ. No. 11-00581 LEK-BMK |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART RECONSIDERATION OF THE COURT'S DECEMBER 24, 2012 ORDER; ORDER DENYING DEFENDANT'S MOTION TO STRIKE FIRST AMENDED COMPLAINT; FINDINGS AND RECOMMENDATION TO REMAND THIS ACTION |
| vs. | |
| CROWN EQUIPMENT CORP., | |
| Defendant. | |

ORDER GRANTING IN PART AND DENYING IN PART
RECONSIDERATION OF THE COURT'S DECEMBER 24, 2012 ORDER;
ORDER DENYING DEFENDANT'S MOTION TO STRIKE
FIRST AMENDED COMPLAINT; FINDINGS AND
RECOMMENDATION TO REMAND THIS ACTION

Before the Court are Defendant Crown Equipment Corporation's (1) Motion for Reconsideration of the Court's December 24, 2012 Order (Doc. 85) and (2) Motion to Strike Plaintiffs' First Amended Complaint and to Stay the Refiling of Plaintiffs' First Amended Complaint (Doc. 86). After careful consideration of the Motions, the supporting and opposing memoranda, and the arguments of counsel, the Court grants reconsideration of its December 24, 2012 Order to the extent that the Court now finds and recommends that this action be REMANDED to state court. In all other aspects, reconsideration is denied. The

Court also DENIES Defendant's Motion to Strike Plaintiffs' First Amended Complaint and to Stay the Refiling of Plaintiffs' First Amended Complaint.

In this Court's December 24, 2012 Order, the Court found good cause to extend the deadline to join additional parties and to allow Plaintiffs to file the First Amended Complaint. (Doc. 83 at 3.) However, the Court denied Plaintiffs' request to remand this action "without prejudice to subsequent refiling at a later date." (Id. at 4.) The Court now reconsiders its denial of remand and, as discussed below, the Court finds and recommends that this action be remanded to state court.

This Court may reconsider its December 24, 2012 Order to correct manifest error of law or fact. Local Rule 60.1(c). "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Furthermore, a "motion for reconsideration may not present evidence or raise legal arguments that could have been presented at the time of the challenged decision." Id. "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

Defendant contends that this Court erroneously permitted Plaintiffs to amend the Complaint to assert claims against Diversified Equipment, Inc., which is

a non-diverse party that destroys this Court's diversity jurisdiction. Defendant points to 28 U.S.C. § 1367(b) in arguing that amendment was improper. Plaintiffs counter that the Court properly allowed amendment under 28 U.S.C. § 1447(e), which authorizes courts to "permit joinder and remand the action to the State court." For that reason, Plaintiffs argue that remand is appropriate.

> Section 1367(b) provides:
>
> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b).

As Defendant notes, the "the purpose of § 1367(b) is to prevent plaintiffs from being able to evade the jurisdictional requirement of 28 U.S.C. § 1332 by the simple expedient of naming initially only those defendants whose joinder satisfies section 1332's requirements and later adding claims not within original federal jurisdiction against other defendants who have intervened or been joined on a supplemental basis." Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 727

(2d Cir. 2000).  However, in this case, Plaintiffs did not add Diversified Equipment to "evade the jurisdictional requirement of 28 U.S.C. § 1332."  Id.  On the contrary, Plaintiffs' amendment was legitimate.  This Court previously found that "Plaintiffs have demonstrated diligence in obtaining discovery and information necessary to determine that the racking system located in HFM's freezer warehouse may have played a role in [Roel Tungpalan's] injuries and death." (Doc. 83 at 2.)  It was through Plaintiffs' diligent discovery efforts that they learned that the racking system manufactured, distributed, sold, and/or installed by Diversified Equipment may have played a role in the cause of Roel Tungpalan's injuries and death.  (Id. at 3.)  The Court also found that "Plaintiffs have not acted in bad faith," and the Court further finds that Plaintiffs did not add Diversified Equipment "to evade the jurisdictional requirement of 28 U.S.C. § 1332."  Viacom Int'l, 212 F.3d at 727.  Consequently, the Court rejects Defendant's assertion that allowing Plaintiffs to amend the Complaint was improper.

      In its Order allowing Plaintiffs to amend the Complaint, the Court denied remand without prejudice to Plaintiffs filing a motion to remand.  However, Ninth Circuit precedent makes clear that remand is mandatory and was proper at the time Plaintiffs were permitted to add a non-diverse party.  The Ninth Circuit addressed this very issue in Stevens v. Brink's Home Security, Inc., 378 F.3d 944

(9th Cir. 2004).  In that case, the action was removed to federal court on the basis of diversity jurisdiction.  Id. at 946.  The plaintiffs thereafter moved to (1) amend the complaint to "add two new defendants whose presence would destroy complete diversity of citizenship" and (2) remand the action to state court.  Id.  The district court granted the plaintiffs' motion to amend and remanded the case.  Id.  On appeal, the Ninth Circuit stated:

> once the non-diverse defendants were joined, remand became mandatory.  This is precisely the point of § 1447(e).  It requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court.  A district court may not allow joinder and retain jurisdiction. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001).

Id. at 949.  Simply put, the Ninth Circuit concluded that remand was necessary once the plaintiffs added non-diverse defendants, who destroyed diversity jurisdiction.

Similarly, in Orlando v. Carolina Cas. Ins. Co., 1:07cv92 AWI SMS, 2008 WL 5247718, at *1 (E.D. Cal. Dec. 17, 2008), the case was removed to federal court on the basis of diversity jurisdiction.  The plaintiff thereafter amended the complaint to add a non-diverse defendant.  Id.  The Court concluded that this additional party divested it of diversity jurisdiction and therefore remanded the

action pursuant to 28 U.S.C. § 1447(e)'s "mandatory duty to remand." Id. at *2 (citing Stevens, 378 F.3d at 949).

In light of the foregoing cases, the Court should have recommended remanding this action when the Court granted Plaintiffs' request to add non-diverse Diversified Equipment. The Court therefore reconsiders its December 24, 2012 Order to the extent that it now finds and recommends that this action be REMANDED to state court.

Further, because the Court concluded above that amendment of the Complaint was proper, the Court DENIES as moot Defendant's Motion to Strike Plaintiffs' First Amended Complaint and to Stay the Refiling of Plaintiffs' First Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Reconsideration of the Court's December 24, 2012 Order (Doc. 85). Further, the Court DENIES Defendant's Motion to Strike Plaintiffs' First Amended Complaint and to Stay the Refiling of Plaintiffs' First Amended Complaint (Doc. 86). Lastly, the Court finds and recommends that this action be REMANDED.

Any Appeal of this Order or any Objection to this Findings and Recommendation shall be filed in accordance with this Court's Local Rules.

DATED:  Honolulu, Hawaii, March 27, 2013.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: March 27, 2013

Estate of Roel Tungpalan v. Crown Equip. Co., et al., Civ. No. 11-00581 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART RECONSIDERATION OF THE COURT'S DECEMBER 24, 2012 ORDER; ORDER DENYING DEFENDANT'S MOTION TO STRIKE FIRST AMENDED COMPLAINT; FINDINGS AND RECOMMENDATION TO REMAND THIS ACTION.