IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ESTATE OF ROEL TUNGPALAN,      )    CIVIL NO. 11-00581 LEK-BMK
JINGLE TUNGPALAN on behalf of  )
herself and her minor child,   )
J.T.,                          )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
CROWN EQUIPMENT CORP., an      )
Ohio Corporation, d/b/a        )
"CROWN LIFT TRUCKS," and DOE   )
ENTITIES 1-10,                 )
                               )
          Defendants.          )
_____)


**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S
OBJECTIONS; (2) AFFIRMING IN PART AND VACATING IN PART THE
MAGISTRATE JUDGE'S ORDER MODIFYING THE SCHEDULING ORDER AND
PERMITTING PLAINTIFFS TO FILE A FIRST AMENDED COMPLAINT;
(3) AFFIRMING IN PART AND VACATING IN PART THE MAGISTRATE
JUDGE'S ORDER DENYING RECONSIDERATION OF THE DECEMBER 24, 2012
ORDER, AND DENYING DEFENDANT'S MOTION TO STRIKE FIRST AMENDED
COMPLAINT; AND (4) ADOPTING, AS MODIFIED, THE MAGISTRATE
JUDGE'S FINDINGS AND RECOMMENDATION TO REMAND THIS ACTION**

Before the Court are Defendant Crown Equipment Corp.'s

("Crown"[1]) Objections to the Magistrate Judge's: (1) Order

Granting Plaintiffs' Motion to Modify Rule 16 Order to Permit

Plaintiffs to File First Amended Complaint and Denying

Plaintiffs' Motion to for [sic] Remand to the First Circuit Court

Without Prejudice; and (2) Order Granting in Part and Denying in

_____

[1] Crown is an Ohio corporation doing business as Crown Lift
Trucks.

Part Reconsideration of the Court's December 24, 2012 Order;

Order Denying Defendant's Motion to Strike First Amended

Complaint; Finding and Recommendation to Remand this Action

("Objections"), filed on April 10, 2013.  [Dkt. no. 115.]

Plaintiffs the Estate of Roel Tungpalan and Jingle Tungpalan on

behalf of herself and her minor child, J.T. (collectively

"Plaintiffs"), filed their Response to the Objections

("Response") on April 25, 2013.  [Dkt. no. 116.]  The Court finds

this matter suitable for disposition without a hearing pursuant

to Rules LR7.2(d) and LR74.2 of the Local Rules of Practice of

the United States District Court for the District of Hawai`i

("Local Rules").  After careful consideration of the Objections,

the Response, and the relevant legal authority, and for the

reasons set forth below, this Court HEREBY GRANTS IN PART AND

DENIES IN PART Crown's Objections.  Specifically, this Court: 1)

AFFIRMS IN PART AND VACATES IN PART the magistrate judge's

December 24, 2012 order modifying the scheduling order and

permitting Plaintiffs to file a First Amended Complaint; 2)

AFFIRMS IN PART AND VACATES IN PART the magistrate judge's

March 27, 2013 order denying reconsideration of the December 24,

2012 order and denying Crown's motion to strike the First Amended

Complaint; and 3) ADOPTS, AS MODIFIED, the magistrate judge's

recommendation to remand this action to the State of Hawai`i

First Circuit Court.

**BACKGROUND**

Plaintiffs originally filed this action in the State of Hawai`i First Circuit Court ("state court") on August 23, 2011. [Redacted Notice of Removal, filed 9/26/11 (dkt. no. 5), Exh. A (Complaint).]  The Complaint alleges that, on or about September 2, 2009, Roel Tungpalan was operating a fork lift truck in the course of his employment with Kerr Pacific Corp., doing business as HFM Food Service ("HFM").  Roel Tungpalan died as a result of injuries he suffered when boxes of frozen food fell on him while he was operating the truck.  [Id. at ¶¶ 8-10.]  The Complaint alleges, *inter alia*, that Crown negligently "designed, manufactured, assembled, supplied, tested, marketed, promoted, sold, and/or distributed" the fork lift truck that Roel Tungpalan operated on September 2, 2009 and that a defect in the fork lift truck rendered it unreasonably dangerous for its intended or foreseeable use.  [Id. at ¶¶ 9, 13, 18.]  The Complaint asserts five claims - strict product liability, negligence, failure to warn, breach of warranty, and wrongful death.

On September 23, 2011, Crown removed this action to this district court based on diversity jurisdiction.  [Redacted Notice of Removal at ¶¶ 3-5 (stating that Crown is not a resident of Hawai`i, the amount in controversy exceeds $75,000, and, although the Complaint does not state what each plaintiff's

respective state of citizenship is, Crown believes Plaintiffs are citizens of Hawai`i).]

The original Rule 16 Scheduling Order stated, *inter alia*, that the deadline to add parties and amend pleadings was April 13, 2012. [Rule 16 Scheduling Order, filed 11/2/11 (dkt. no. 14), at 2.]

On March 14, 2012, the magistrate judge approved and filed the parties' stipulation to allow HFM to enter the case as a Plaintiff-Intervenor. [Dkt. no. 32.]

On April 10, 2012, the magistrate judge issued an Amended Rule 16 Scheduling Order which stated, *inter alia*, that the deadline to add parties and amend pleadings was July 27, 2012. [Amended Rule 16 Scheduling Order, filed 4/10/12 (dkt. no. 35), at 2.] Following a stipulation to continue the trial date, the magistrate judge issued another Amended Rule 16 Scheduling Order on July 26, 2012, which noted that the deadline to add parties and amend pleadings was closed. [Amended Rule 16 Scheduling Order, filed 7/26/12 (dkt. no. 45), at 2.]

On October 26, 2012, Plaintiffs filed two motions to compel to address various discovery disputes. [Dkt. nos. 47, 50.]

I.   **The Contested Orders**

On October 30, 2012, Plaintiffs filed their Motion to Modify Rule 16 Order to Permit Plaintiffs to File First Amended

4

Complaint and for Remand to the First Circuit Court ("Motion to Amend").  [Dkt. no. 57.]  In the Motion to Amend, Plaintiffs sought leave to add Diversified Equipment, Inc. ("Diversified") and Interlake/Mecalux ("Interlake") as additional defendants. According to Plaintiffs, Interlake manufactured and Diversified sold and installed the HFM warehouse racking system from which the boxes of frozen food fell on Roel Tungpalan.  [Mem. in Supp. of Motion to Amend at 6.]

On December 24, 2012, after briefing by the parties and a hearing on December 4, 2012, the magistrate judge issued the first order that Crown challenges in the Objections - the Order Granting Plaintiffs' Motion to Modify Rule 16 Order to Permit Plaintiffs to File First Amended Complaint and Denying Plaintiffs' Motion for Remand to the First Circuit Court Without Prejudice ("12/24/12 Order").  [Dkt. no. 83.]  The magistrate judge found that Plaintiffs had been diligent in pursuing discovery and in seeking to amend the scheduling order.  Further, in light of the stage of the case at the time, there was good cause to amend the scheduling order.  [Id. at 2-3.]  The magistrate judge also found that Plaintiffs had not acted in bad faith, and that there was no undue delay or prejudice.  Finally, the magistrate judge found that, based on the facts identified to that point, the proposed amendment was not futile.  The magistrate judge therefore granted Plaintiffs leave to amend

pursuant to Fed. R. Civ. P. 15(a).  [Id. at 3-4.]  To the extent that the Motion to Amend sought remand of the action after the filing of the First Amended Complaint, the magistrate judge denied the request without prejudice to the refiling of a motion to remand at a later date.  [Id. at 4.]

Plaintiffs filed their First Amended Complaint on December 4, 2012, based upon the magistrate judge's oral ruling at the hearing on the Motion to Amend.  [Dkt. nos. 74 (Minutes), 75 (First Amended Complaint).]

On January 7, 2013, Crown filed a motion seeking reconsideration of the 12/24/12 Order ("Motion for Reconsideration") and a motion to strike the First Amended Complaint ("Motion to Strike").  [Dkt. nos. 85, 86.]

On March 27, 2013, following briefing by the parties and a hearing on February 1, 2013, the magistrate judge issued the second document that Crown challenges in the Objections - the Order Granting in Part and Denying in Part Reconsideration of the Court's December 24, 2012 Order; Order Denying Defendant's Motion to Strike First Amended Complaint; Findings and Recommendation to Remand this Action ("3/27/13 Order & Recommendation").  [Dkt. no. 113.]  The magistrate judge granted reconsideration of the 12/24/12 Order only to the extent that the magistrate judge found and recommended that the action be remanded to the state court. the magistrate judge denied reconsideration in all other respects

and denied Crown's Motion to Strike.

The magistrate judge concluded that 28 U.S.C. § 1367(b) prevents plaintiffs from evading diversity jurisdiction by joining a non-diverse defendant, but § 1367(b) did not preclude the joinder of Diversified, a non-diverse party, and Interlake because Plaintiffs' proposed amendment was legitimate (*i.e.* the amendment was not for the purpose of evading jurisdiction).  The magistrate judge therefore rejected Crown's argument that allowing Plaintiffs to add Diversified and Interlake as additional defendants was improper.  [3/27/13 Order & Recommendation at 3-4.]  The magistrate judge concluded that, with the joinder of a non-diverse party, remand was mandatory pursuant to 28 U.S.C. § 1447(e).  [Id. at 4-6 (citing Stevens v. Brink's Home Security, Inc., 378 F.3d 944, 946, 949 (9th Cir. 2004); Orlando v. Carolina Cas. Ins. Co., 1:07cv92 AWI SMS, 2008 WL 5247718, at *1 (E.D. Cal. Dec. 17, 2008)).]

## II.  Crown's Objections

Crown's primary argument is that the magistrate judge erred in relying upon § 1447(e) to allow Plaintiffs to amend their Complaint to add the non-diverse defendant, Diversified. Crown contends that 28 U.S.C. § 1367(b) required the denial of Plaintiffs' request to join Diversified as an additional defendant.

Crown further argues that, even assuming, *arguendo*,

7

that § 1447(e) applied, the magistrate judge clearly erred in his analysis of the factors relevant to a § 1447(e) joinder. According to Crown: Diversified is not a necessary party under Fed. R. Civ. P. 19(a); Plaintiffs' claims against Diversified are time barred; Plaintiffs unduly delayed in identifying Diversified as a potential defendant; the joinder of Diversified is solely for the purpose of destroying diversity jurisdiction; Plaintiffs' claims against Diversified are meritless because Diversified had nothing to do with the racking that was involved in the incident in question; and Plaintiffs will not suffer prejudice if this case proceeds without Diversified because Plaintiffs' claims against Diversified are meritless.

For similar reasons, Crown argues that the magistrate judge clearly erred in finding that there was good cause to amend the scheduling order pursuant to Fed. R. Civ. P. 16, and in finding that leave to amend the Complaint was appropriate under Fed. R. Civ. P. 15(a). In particular, Crown argues that the proposed amendment was futile because Plaintiffs' proposed claims against Diversified and Interlake are barred by the two-year statute of limitations in Haw. Rev. Stat. § 663-3 for wrongful death claims. Further, Crown asserts that the proposed amendment was futile because the evidence shows that Diversified and Interlake did not provide or install the racking in question.

Crown also argues that the magistrate judge clearly

erred in allowing Plaintiffs to join Interlake as a defendant because Interlake is currently in bankruptcy proceedings in the United States District Court for the District of Delaware. Plaintiffs failed to ask the bankruptcy court to lift the automatic stay to allow Plaintiffs to file suit against Interlake.  Thus, Crown argues that Plaintiffs' proposed claims against Interlake are futile because any judgment Plaintiffs may obtain in this action against Interlake would be void as unlawfully obtained.

Finally, Crown argues that, because this Court must vacate the 12/24/12 Order and strike the First Amended Complaint, this Court must also reject the magistrate judge's finding and recommendation to remand this action to the state court.  If this Court is inclined to affirm the 12/24/12 Order and adopt the recommendation to remand the case, Crown requests that this Court allow Crown time to file a motion to certify for interlocutory appeal the question of whether § 1367(b) bars Plaintiffs' request to add a non-diverse defendant.

III. **Plaintiffs' Response**

Plaintiffs respond that Crown's § 1367(b) argument is contrary to Ninth Circuit precedent and that § 1447(e) controls. Plaintiffs also argue that Crown's focus on that legal issue is misleading.

Plaintiffs assert that the magistrate judge's findings

of fact are relevant and were not clearly erroneous.  In particular, Plaintiffs argue that the magistrate judge's finding that the proposed amendment was not frivolous is sufficiently supported by the evidence currently available.  For example, Justin Mederios, HFM's vice president for facilities and facilities development, testified in his deposition that HFM bought the Interlake racking system from Diversified and Diversified installed the system.  [Response at 11 (citing Response, Decl. of Carl M. Varady ("Varady Decl."), Exh. 15 (Excerpts of 6/1/12 Depo. Trans. of Justin Medeiros) at 10-13).] Plaintiffs also provided a declaration by their engineering expert, Ben Railsback, in which he states that the Interlake racking system and the Crown lift truck, as they were used together in HFM's freezer, created an unreasonably dangerous environment for Roel Tungpalan.  He also states that, had there been a barrier or wire decking on the racking system, it would have prevented the frozen meat from falling on Roel Tungpalan. [Id. at 11-12 (citing Varady Decl., Exh. 16 (Decl. of Ben T. Railsback) at ¶¶ 8-12).]  Mr. Mederios also testified that, after Roel Tungpalan's death, the protective decking was added to all HFM racks, even the shelves holding palletized loads, such as the one involved in this case, which previously did not have the decking.  [Id. at 12 (citing Varady Decl., Exh. 15 at 9-14).] Plaintiffs emphasize that, prior to filing the Motion to Amend,

they were diligent in trying to obtain Crown's consent to add the new parties.  Plaintiffs argue that, based on the relevant facts and procedural circumstances of this case, this Court should not overturn the magistrate judge's findings that there was good cause for the amendment and that the amendment was not futile.

As to Crown's § 1367(b) argument, Plaintiffs argue that this Court should affirm the magistrate judge's ruling that § 1367(b) does not apply based on the factual finding that Plaintiffs' request to amend the Complaint was legitimate. Plaintiffs also contend that, having allowed Plaintiffs to join a non-diverse party, the magistrate judge correctly concluded that remand is mandatory under Ninth Circuit precedent.  Plaintiffs emphasize that the Ninth Circuit and district courts within the Ninth Circuit have allowed amendments of pleadings even where the amended pleading required immediate remand because the amendment destroyed diversity jurisdiction.

Plaintiffs also argue that this Court should not consider the arguments that Crown raises regarding the legislative history of § 1447(e) and § 1367(b) because Crown did not raise these arguments in connection with the underlying motions.  Plaintiffs also argue that this Court should disregard Interlake's bankruptcy because, as discussed at the hearing on the Motion to Amend, there is no stay in place in Interlake's bankruptcy proceeding.  Further, this Court should reject Crown's

request for a stay to allow Crown to move for leave to file an interlocutory appeal because remand orders are not appealable.

Plaintiffs acknowledge that Crown has presented declarations contrary to Mr. Mederios's testimony about the source of the racking system. Plaintiffs, however, argue that this Court should disregard them because of Crown's failure to produce such evidence in a timely manner after Mr. Mederios's deposition. Even if this Court considers them, they merely establish that there is a dispute of fact on the issue, and a motion to amend the complaint is not the proper stage in which to address the factual dispute. The magistrate judge properly allowed the amendment to go forward, allowing Plaintiffs to test their new claims on the merits.

Finally, Plaintiffs argue that Crown's Objections were frivolous and therefore this Court should, in addition to denying the Objections, award Plaintiffs their attorneys' fees and costs incurred in responding to the Objections, and withdraw the pro hac vice status of Crown's counsel.

## STANDARD

Crown's Objections ask this Court to review both the magistrate judge's nondispositve 12/24/12 Order, and the magistrate judge's dispositive recommendation to remand this action.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 74.1, a party may appeal to a district judge

12

> any pretrial nondispositive matter determined by a
> magistrate judge.   Under 28 U.S.C. § 636(b)(1)(A),
> a magistrate judge's order may be reversed by a
> district court only if it is "clearly erroneous or
> contrary to law."   The threshold of the "clearly
> erroneous" test is high.   "A finding is 'clearly
> erroneous' when, although there is evidence to
> support it, the reviewing court on the entire
> evidence is left with the definite and firm
> conviction that a mistake has been committed."
> United States v. U.S. Gypsum Co., 333 U.S. 364,
> 395 (1948).   See also Thorp v. Kepoo, 100 F. Supp.
> 2d 1258, 1260 (D. Haw. 2000) (stating that the
> clearly erroneous standard is "significantly
> deferential, requiring a definite and firm
> conviction that a mistake has been committed").

Dowkin v. Honolulu Police Dep't, Civil No. 10-00087 SOM/RLP, 2012

WL 3686679, at *1 (D. Hawai`i Aug. 27, 2012).

Any party may file objections to a magistrate judge's

findings and recommendation regarding a case dispositive matter.

28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b); Local Rule LR74.2.

> A judge of the court shall make a de novo
> determination of those portions of the report or
> specified proposed findings or recommendations to
> which objection is made.   A judge of the court may
> accept, reject, or modify, in whole or in part,
> the findings or recommendations made by the
> magistrate judge.   The judge may also receive
> further evidence or recommit the matter to the
> magistrate judge with instructions.

§ 636(b)(1).   "[I]n providing for a 'de novo determination'

rather than [de novo] hearing, Congress intended to permit

whatever reliance a district judge, in the exercise of sound

judicial discretion, chose to place on a magistrate's proposed

findings and recommendations."   United States v. Raddatz, 447

U.S. 667, 676 (1980) (citation omitted); accord Holder v. Holder,

392 F.3d 1009, 1022 (9th Cir. 2004) (citing <u>Raddatz</u>).  Pursuant

to Local Rule 74.2, this Court "may consider the record developed

before the magistrate judge," but the Court must make its "own

determination on the basis of that record."

<u>**DISCUSSION**</u>

Crown has raised a legal issue - whether 28 U.S.C.

§ 1367(b) precludes a district court from allowing a plaintiff to

join a defendant that would destroy the court's diversity

jurisdiction.  Before this Court addresses that issue, however,

this Court must examine the magistrate judge's analysis under

Fed. R. Civ P. 15 and 16 because, if Plaintiffs could not amend

their Complaint under the applicable rules, this Court need not

address the issue of whether § 1367(b) precludes the amendment.

**I.   <u>Fed R. Civ. P. 15 and 16</u>**

The magistrate judge was correct that he could only

modify the scheduling order in this case "for good cause[.]"  <u>See</u>

Fed. R. Civ. P. 16(b)(4).  "The good cause inquiry focuses on the

diligence of the party seeking to modify the scheduling order; if

the party seeking the modification was not diligent, the court

should deny the motion."  <u>Amina v. WMC Mortg. Corp.</u>, Civil No.

10-00165 JMS/KSC, 2011 WL 1869835, at *16 (D. Hawai`i May 16,

2011) (citing <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1087

(9th Cir. 2002)).  The magistrate judge found that, based on the

totality of the circumstances of this case, Plaintiffs had been

diligent and good cause existed.  [12/24/12 Order at 1-3.[2]]  In light of the high threshold to establish that a finding of fact is clearly erroneous, this Court cannot say that the magistrate judge's finding of good cause was clearly erroneous.

In addition to establishing good cause to amend the scheduling order, Plaintiffs also had to establish that leave to amend was appropriate under Fed. R. Civ. P. 15.  Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires."  In determining whether to grant leave to amend, courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings.  See Foman v. Davis, 371 U.S. 178, 182 (1962); In re Morris, 363 F.3d 891, 894 (9th Cir. 2004).  "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).

---

[2] This Court notes that the third page of the 12/24/12 Order is mistakenly numbered "i".

In considering the Motion to Amend, the magistrate judge found that Plaintiffs had not acted in bad faith and that there had been no undue delay or prejudice.  These findings were not clearly erroneous.  The magistrate judge also found that:

> Based on the declaration of Mr. Railsback in support of Plaintiffs' motion to amend; the court's review of the pleading; argument of counsel; the file and records; facts known to date through formal and informal discovery regarding the racking system manufactured and/or distributed and/or sold and/or installed by Interlake/Mecalux and/or Diversified Equipment, Inc. . . . , and installed in the freezer at HFM, with which decedent Plaintiff ROEL TUNGPALAN collided while operating the Crown Equipment Corp., narrow aisle reach truck, thereby dislodging the pallet of frozen meat that fell on him alleged to have caused his injuries and death, the proposed amendment would not be futile.

[Id. at 4-5.[3]]  This finding, by itself, is not clearly erroneous.  Crown, however, argues that this Court must still find that the addition of Plaintiffs' proposed claims against Diversified and Interlake were futile because they are barred by the applicable statutes of limitations.

This Court notes that, in opposing the Motion to Amend, Crown based its futility argument on the lack of "any evidence that [Diversified] actually purchased racks or rack equipment manufactured by Interlake" and "the fact that Interlake is currently in bankruptcy."  [Mem. in Opp. to Motion to Amend,

---

[3] The fourth and fifth pages of the 12/24/12 Order are mistakenly numbered "3" and "4" because of the misnumbering of the third page.

filed 11/13/12 (dkt. no. 63), at 15-16.]  This Court will, however, address the statute of limitations argument because this district court has recognized that a proposed claim which would not survive a motion to dismiss is futile.  See Pauline v. State of Hawai`i Dep't of Pub. Safety, 773 F. Supp. 2d 914, 920 (D. Hawai`i 2011) (citing In re Park W. Galleries, Inc., MDL No. 09-2076RSL, 2010 WL 3699916, at *2 (W.D. Wash. Sept. 15, 2010) (citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004))).  Further, Local Rule 74.1 allows the district judge considering an appeal from a magistrate judge's nondispositive order to "reconsider sua sponte any matter determined by a magistrate judge under this rule."

Roel Tungpalan died on or about September 2, 2009. [Complaint at ¶ 14.]  The statute of limitations for wrongful death actions brought pursuant to Haw. Rev. Stat. § 663-3 is "two years from the date of death of the injured person, except as otherwise provided."  In addition, "claims that might otherwise be governed by [Haw. Rev. Stat. §] 657-7 are subsumed by section 663-3 when those claims are brought within the context of a wrongful death suit."  Gast v. Kwak, 396 F. Supp. 2d 1150, 1155 (D. Hawai`i 2005) (citation and internal quotation marks omitted).  Thus, Plaintiffs' strict product liability, negligence, and failure to warn claims are also subject to the two-year statute of limitations for wrongful death suits.  This

17

district court has also noted that § 663-3 is not subject to the discovery rule.[4]  <u>Id.</u> at 1156.

Plaintiffs filed the instant action within two years of Roel Tungpalan's death.  Plaintiffs, however, did not bring their new claims against Diversified and Interlake within two years of his death.  Fed. R. Civ. P. 15(c)(1) governs whether an amendment to a pleading relates back to the date of the original pleading. It states:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the

---

[4] The "discovery rule" means that, "'under the statute of limitations currently codified in H.R.S. § 657-7, a cause of action does not "accrue," and the limitations period therefore does not begin to run, until the plaintiff knew or should have known of the defendant's negligence.'"  <u>Gast</u>, 396 F. Supp. 2d at 1155 (quoting <u>Hays v. City and County of Honolulu</u>, 81 Hawai`i 391, 917 P.2d 718, 720 (1996)).

> action would have been brought against
> it, but for a mistake concerning the
> proper party's identity.

This district court has stated that, "[a]lthough Rule 15(c) only

refers to an amendment that changes the party, the rule extends

to the addition of a party, 'even after the statute of

limitations has expired, if the requisite notice and identity of

interests showings are made.'"  Lucas v. Lockheed Martin

Integrated Sys., Inc., Civil. No. 06-00217 DAE-BMK, 2008 WL

314194, at *5 (D. Hawai`i Feb. 4, 2008) (quoting In re Glacier

Bay, 746 F. Supp. 1379, 1391 (D. Ala. 1990)).  In the present

case, there is no evidence that Diversified or Interlake had

notice of this action.  Thus, the new claims against Diversified

and Interlake would not relate back to the filing of the original

Complaint.  Plaintiff's strict product liability, negligence,

failure to warn, and wrongful death claims against Diversified

and Interlake are therefore time-barred, and this Court FINDS

that the proposed amendment adding those claims is futile.  This

Court VACATES the 12/24/12 Order and the 3/27/13 Order &

Recommendation to the extent that the orders: allowed Plaintiffs

to assert strict product liability, negligence, failure to warn,

and wrongful death claims against Diversified and Interlake in

the First Amended Complaint; and denied Crown's Motion to Strike

as to those claims.  Insofar as Plaintiffs filed the First

Amended Complaint on December 4, 2012, Crown's Motion to Strike

is HEREBY GRANTED IN PART, and this Court STRIKES the portions of

the First Amended Complaint alleging strict product liability,

negligence, failure to warn, and wrongful death claims against

Diversified and Interlake.[5]

Plaintiffs, however, also proposed a breach of warranty

claim against Diversified and Interlake.  Breach of warranty

claims are governed by Haw. Rev. Stat. § 490:2-725, which states,

in pertinent part:

> (1) An action for breach of any contract for sale
> must be commenced within four years after the
> cause of action has accrued.  By the original
> agreement the parties may reduce the period of
> limitation to not less than one year but may not
> extend it.
>
> (2) A cause of action accrues when the breach
> occurs, regardless of the aggrieved party's lack
> of knowledge of the breach.  A breach of warranty
> occurs when tender of delivery is made, except
> that where a warranty explicitly extends to future
> performance of the goods and discovery of the
> breach must await the time of such performance the
> cause of action accrues when the breach is or
> should have been discovered.

Based on this definition of when a breach of warranty claim

accrues, this Court cannot find, based on the current record,

that Plaintiffs' proposed breach of warranty claim against

---

[5] This Court notes that the finding regarding futility is
based on the claims being barred by the statute of limitations,
an argument that Crown did **not** raise before the magistrate judge.
At the hearing on the Motion to Amend, Crown's counsel stated:
"We're beyond the statute of repose.  Talk about futility."  The
magistrate judge responded: "Well, you haven't raised that
argument."  [12/4/12 Hrg. Trans., filed 1/2/13 (dkt. no. 84), at
12.]

Diversified and Interlake is futile.  Plaintiffs should be allowed the opportunity to litigate the statute of limitations issue on the merits, rather than on a motion to amend.

Crown also argues that any amendment adding Interlake as a defendant would be futile because Interlake is in the midst of bankruptcy proceedings, and Plaintiffs did not file a motion in the bankruptcy court to have the stay lifted to allow Plaintiffs to bring their claim against Interlake.  At the hearing on the Motion to Amend, however, Plaintiffs' counsel represented to the magistrate judge that, based on counsel's review of the bankruptcy court's docket, there was no stay in place in Interlake's bankruptcy proceeding.  Crown neither contested nor objected to the representation by Plaintiffs' counsel.  [12/4/12 Hrg. Trans. at 5.]  Crown also argues that Plaintiffs' claims against Interlake are futile because "Interlake/Mecalux" only purchased the assets - not the liabilities - of the debtor, IMH, Inc., doing business as Interlake Material Handling, Inc., and therefore Interlake/Mecalux cannot legally be held liable, even if the debtor was responsible for the racking at issue in this case. That determination, however, involves factual issues that are appropriate for determination in a motion to amend.  This Court cannot find, based on the current record, that Plaintiffs' proposed breach of warranty claim against Interlake is futile.

21

This Court therefore agrees with the magistrate judge that leave to amend was warranted as to Plaintiffs' proposed breach of warranty claim against Diversified and Interlake.

**III. 28 U.S.C. § 1367(b) and 28 U.S.C. § 1447(e)**

Crown argues that, even if an amendment adding new defendants were otherwise allowable under Rule 15(a), the magistrate judge erred in granting the Motion to Amend because 28 U.S.C. § 1367(b) prohibits a district court from allowing such an amendment where the additional defendant would destroy diversity and where diversity jurisdiction is the sole basis for federal jurisdiction.  Section 1367(b) states:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Crown argues that the magistrate judge erred in applying 28 U.S.C. § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

22

Some district courts have applied the same interpretation of § 1367(b) as Crown presents here.  For example, in Cornerbank, N.A. v. New York Life & Annuity Corp., the plaintiff sought leave to amend its complaint, pursuant to Fed. R. Civ. P. 15(a) and 20, to add two new defendants who would have destroyed complete diversity.  The district court denied the motion to amend because the addition of the proposed defendants would violate § 1367(b).  No. 08-1189-MLB, 2008 WL 4974819 (D. Kan. Nov. 19, 2008).

Such an automatic rule, however, is contrary to Ninth Circuit precedent.  In reviewing an order denying a motion for permissive joinder, the Ninth Circuit noted that "[t]he jurisdictional requirement also prevents permissive intervention from **being used to destroy complete diversity** in state-law actions."  Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011) (emphasis added) (citing 28 U.S.C. § 1332; 28 U.S.C. § 1367(b)).  Further, in Stevens v. Brink's Home Security, Inc., cited in the 3/27/13 Order & Recommendation, the Ninth Circuit noted that the district court's decision to allow the plaintiff to join non-diverse defendants was a discretionary one but, once the district court allowed the joinder, remand was mandatory pursuant to § 1447(e).  378 F.3d 944, 949 (9th Cir. 2004).  Thus, Ninth Circuit law requires a rule which leaves room for the application of either § 1367(b) or

23

§ 1447(e), depending upon which is appropriate based on the facts

of the case.  Ivnes v. Novartis Pharmaceutical Corp. describes

such an approach:

> "[T]he purpose of § 1367(b) is to prevent
> 'plaintiffs [from being able] to evade the
> jurisdictional requirement of 28 U.S.C. § 1332 by
> the simple expedient of naming initially only
> those defendants whose joinder satisfies section
> 1332's requirements and later adding claims not
> within original federal jurisdiction against other
> defendants who have intervened or been joined on
> the supplemental basis.'"  Grimes v. Mazda N. Am.
> Operations, 355 F.3d 566, 572 (6th Cir. 2004)
> (quoting H.R. Rep. No. 101-734, at 29 (1990),
> reprinted in 1990 U.S.C.C.A.N. 6860, 6875)
> (emphasis added).  Subsection 1367(b) "represents
> a codification of the Supreme Court's decision in
> Owen Equipment & Erection Co. v. Kroger, 437 U.S.
> 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978)."
> Harmon v. McCreary, No. 07-3-DLB, 2007 WL 4163879,
> at *2 (E.D. Ky. Nov. 20, 2007).  Owen "held that **a
> plaintiff may not bypass the jurisdiction
> requirements by suing only the diverse defendants
> and waiting for them to implead the non-diverse
> defendants**."  Estate of Alvarez v. Donaldson Co.,
> Inc., 213 F.3d 993, 995 (7th Cir. 2000) (emphasis
> added).

> This case does not involve the plaintiffs
> asking the court to exercise supplemental
> jurisdiction over the claims of non-diverse
> defendants.  Rather, this case involves the
> plaintiffs' request to join as parties non-diverse
> defendants after removal of the case based on
> diversity of citizenship, the circumstance
> § 1447(e) directly addresses.  See Phillip-Stubbs
> v. Walmart Supercenter, No. 12-10707, 2012 WL
> 1952444, at *4 (E.D. Mich. May 25, 2012) ("A
> post-removal attempt to add non-diverse parties,
> whether by right or by leave, implicates section
> 1447(e) and requires the court to exercise
> discretion and adopt one of the two options
> available to it.").

> An analysis under § 1447(e) requires the

> balancing of the equities.  <u>Farm Bureau Life Ins. Co. v. Nat'l City Corp.</u>, No. 5:06-CV-81, 2006 WL 2728359, at *2 (W.D. Mich. Sept. 22, 2006) (citing <u>Marshall v. Navistar Int'l Transp. Corp.</u>, 168 F.R.D. 606, 612 (E.D. Mich. 1996)).  There are four factors courts look to when conducting such an analysis: "(1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities."  <u>Siedlik v. Stanley Works, Inc.</u>, 205 F. Supp. 2d 762, 765 (E.D. Mich. 2002) (citing <u>Wells v. Certainteed Corp.</u>, 950 F. Supp. 200, 201 (E.D. Mich. 1997)).  The court must also consider the original defendant's interest in choosing a federal forum.  <u>Wells</u>, 950 F. Supp. at 201 (citing <u>O'Connor v. Auto. Ins. Co. of Hartford Conn.</u>, 846 F. Supp. 39, 41 (E.D. Tex. 1994)).  "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable."  <u>City of Cleveland v. Deutsche Bank Trust Co.</u>, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (citations omitted).

No. 3:12-CV-191, 2013 WL 499211, at *2 (E.D. Tenn. Feb. 7, 2013) (some alterations in <u>Ivnes</u>) (emphasis added).

In the instant case, the magistrate judge was correct to examine whether Plaintiffs attempted to add Diversified to evade diversity jurisdiction.  [3/27/13 Order & Recommendation at 3-4 (discussing <u>Viacom Int'l, Inc. v. Kearney</u>, 212 F.3d 721, 727 (2d Cir. 2000)).]  The magistrate judge found that Plaintiffs did not attempt to add Diversified to avoid diversity jurisdiction and that Plaintiffs' amendment was legitimate.  The magistrate judge's Rule 16(b)(4) and Rule 15(a) findings regarding diligence, good faith, and lack of undue delay or prejudice are

also relevant to the § 1447(e) analysis of whether it was
equitable to allow the amendment.  In light of all of the
relevant circumstances of this case, the magistrate judge
concluded that § 1367(b) did not apply and, in the exercise of
his discretion pursuant to § 1447(e), the magistrate judge
granted joinder and recommended remand.  <u>See</u> 28 U.S.C. § 1447(e)
("the court **may** deny joinder, or permit joinder and remand the
action" (emphasis added)); <u>Stevens</u>, 378 F.3d at 949
(Section 1447(e) "requires a district court either to deny
joinder of non-diverse defendants or to permit joinder and remand
the case to state court.  A district court may not allow joinder
and retain jurisdiction." (citation omitted)).

This Court, after a de novo review, agrees with the
magistrate judge that, based on the circumstances of this case,
§ 1367(b) does not preclude the joinder of Diversified, a non-
diverse defendant.  Further, the magistrate judge's discretionary
decision to allow Plaintiffs to join Diversified was well
supported by the magistrate judge's factual findings regarding
the circumstances in which Plaintiffs' proposed the joinder of
the new defendants.  Those findings of fact are not clearly
erroneous.  This Court therefore AFFIRMS the magistrate judge's
12/24/12 Order and the 3/27/13 Order & Recommendation, insofar as
the orders: granted Plaintiffs leave to amend their Complaint to
add Diversified and Interlake to Plaintiffs' breach of warranty

claim; and denied Crown's Motion to Strike as to the breach of warranty claim against Diversified and Interlake.

Plaintiffs have already filed the First Amended Complaint and, insofar as this Court has affirmed the magistrate judge's ruling allowing Plaintiffs to allege a breach of warranty claim against Diversified, there is no longer complete diversity among the parties. [First Amended Complaint at ¶¶ 3-4 (stating that Roel Tungpalan, Jingle Tungpalan, and J.T. resided in Honolulu at the time of the relevant events); id. at ¶ 8 (stating that, at the time of the relevant events, Diversified was a Hawai`i corporation with its principal place of business in Hawai`i).] The magistrate judge correctly concluded that, in light of <u>Stevens</u> and other similar authority, the addition of the non-diverse defendant requires remand. This Court therefore ADOPTS the magistrate judge's recommendation that the instant case be remanded to the state court.

**IV. <u>Certification</u>**

Crown argues that, if this Court is inclined to deny its Objections, this Court should allow Crown "time to immediately file a motion to certify the question of whether 28 U.S.C. § 1367(b) applies to bar Plaintiffs' request to add a non-diverse party-defendant, to the Ninth Circuit." [Objections at 30.]

As in the instant case, the order under review in

27

Stevens was a single order that both granted the plaintiff's motion for leave to amend and remanded the case to the state court.  378 F.3d at 946.  The Ninth Circuit held that, even assuming that the order granting the motion to amend was separable from the remand order, the order granting leave to amend "is not a final order reviewable on appeal under 28 U.S.C. § 1291; nor is it reviewable as a collateral order.  The district court's remand order, issued pursuant to 28 U.S.C. § 1447(e), is barred from appellate review by 28 U.S.C. § 1447(d)."[6]  Id. at 949.  Crown essentially asks this Court to strike the First Amended Complaint in its entirety and to delay the re-filing of the First Amended Complaint with the breach of warranty claim against Diversified, so that Crown can move for leave to file an interlocutory appeal from this Court's ruling allowing the claim against Diversified.  This Court declines to do so because an interlocutory appeal of that ruling is not warranted under the circumstances of this case.

_____

[6] Section 1447(d) states:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

Neither exception applies in the instant case.  28 U.S.C. § 1442 addresses civil actions or prosecutions against federal officers, and 28 U.S.C. § 1443 addresses civil rights cases.

28

28 U.S.C. § 1292(b) states:

> When a district judge, in making in a civil action
> an order not otherwise appealable under this
> section, shall be of the opinion that such order
> involves a controlling question of law as to which
> there is substantial ground for difference of
> opinion and that an immediate appeal from the
> order may materially advance the ultimate
> termination of the litigation, he shall so state
> in writing in such order.  The Court of Appeals
> which would have jurisdiction of an appeal of such
> action may thereupon, in its discretion, permit an
> appeal to be taken from such order, if application
> is made to it within ten days after the entry of
> the order: Provided, however, That application for
> an appeal hereunder shall not stay proceedings in
> the district court unless the district judge or
> the Court of Appeals or a judge thereof shall so
> order.

This Court has recently described the standard applicable to a

motion for leave to file an interlocutory appeal:

> A movant seeking an interlocutory appeal has
> a heavy burden to show that "exceptional
> circumstances justify a departure from the basic
> policy of postponing appellate review until after
> the entry of a final judgment." Coopers & Lybrand
> v. Livesay, 437 U.S. 463, 475, 98 S. Ct. 2454, 57
> L. Ed. 2d 351 (1978); see also James v. Price
> Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th
> Cir. 2002) ("Section 1292(b) is a departure from
> the normal rule that only final judgments are
> appealable, and therefore must be construed
> narrowly."); Pac. Union Conference of Seventh-Day
> Adventists v. Marshall, 434 U.S. 1305, 1309, 98 S.
> Ct. 2, 54 L. Ed. 2d 17 (1977) ("The policy against
> piecemeal interlocutory review other than as
> provided for by statutorily authorized appeals is
> a strong one." (citations omitted)).  Indeed,
> § 1292(b) is used "only in exceptional situations
> in which allowing an interlocutory appeal would
> avoid protracted and expensive litigation."  In re
> Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th
> Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359
> F.2d 784, 785 (9th Cir. 1966) (per curiam)).

Hawaii ex rel. Louie v. JP Morgan Chase & Co., Civil Nos. 12-00263 LEK-KSC etc., 2013 WL 391024, at *3-4 (D. Hawai`i Jan. 29, 2013) (quoting Leite v. Crane Co., Civil No. 11-00636 JMS/RLP, 2012 WL 1982535, at *2 (D. Hawai`i May 31, 2012)).

The instant case is not an exceptional case which warrants an interlocutory appeal.  Even assuming, *arguendo*, that this Court's interpretation of § 1367(b) "involves a controlling question of law as to which there is substantial ground for difference of opinion[,]" an interlocutory appeal of this Court's ruling on Plaintiffs' Motion to Amend would not materially advance the ultimate termination of the litigation because neither the joinder nor the non-joinder of Diversified and Interlake will have an effect on the determination of the claims between Plaintiffs, Crown, and HFM.  An interlocutory appeal would not avoid, or substantially limit, the litigation involving Plaintiffs, Crown, and HFM.  To the extent that Diversified and Interlake may argue that they should not be parties in this case, they can bring those arguments in the state court.

Insofar as this Court would not grant leave to file an interlocutory appeal from this Court's order allowing the breach of warranty claim against Diversified and Interlake, this Court declines to bifurcate that portion of this Court's ruling from the adoption of the recommendation to remand.

30

V.  **Sanctions**

        Finally, Plaintiffs argue that this Court should impose
sanctions on Crown pursuant to Fed. R. Civ. P. 11 and reconsider
the pro hac vice status of Crown's counsel because Crown's
Objections were frivolous.  First, this Court notes that a party
seeking Rule 11 sanctions must comply with Rule 11(c)(2), and
Plaintiffs have not done so.  Moreover, even if Plaintiffs had
brought their request for sanctions in the proper form, this
Court would deny the request.  Insofar as this Court has granted
some of Crown's Objections to the 12/24/12 Order and the 3/27/13
Order & Recommendation, this Court would not find that Crown's
Objections were frivolous.  Plaintiffs' request for sanctions is
therefore DENIED.

                            **CONCLUSION**

        On the basis of the foregoing, Crown's Objections to
the Magistrate Judge's: (1) Order Granting Plaintiffs' Motion to
Modify Rule 16 Order to Permit Plaintiffs to File First Amended
Complaint and Denying Plaintiffs' Motion to for [sic] Remand to
the First Circuit Court Without Prejudice; and (2) Order Granting
in Part and Denying in Part Reconsideration of the Court's
December 24, 2012 Order; Order Denying Defendant's Motion to
Strike First Amended Complaint; Finding and Recommendation to
Remand this Action, filed April 10, 2013, are HEREBY GRANTED IN
PART AND DENIED IN PART.  Crown's Objections are GRANTED insofar

                                31

as this Court: VACATES the portion of the magistrate judge's December 24, 2012 Order granting Plaintiffs leave to amend their Complaint to allege strict product liability, negligence, failure to warn, and wrongful death claims against Diversified and Interlake; VACATES the portion of the magistrate judge's 3/27/13 Order & Recommendation denying Crown's Motion to Strike as to the strict product liability, negligence, failure to warn, and wrongful death claims against Diversified and Interlake in Plaintiffs' First Amended Complaint, filed December 4, 2012; and GRANTS Crown's Motion to Strike as to those claims in the First Amended Complaint. This Court DENIES Crown's Objections in all other respects.

In particular, this Court: AFFIRMS the magistrate judge's 12/24/12 Order, to the extent that the order allowed Plaintiffs to add a breach of warranty claim against Diversified and Interlake; and AFFIRMS the magistrate judge's 3/27/13 Order and Recommendation, to the extent that the order denied reconsideration as to addition of the breach of warranty claim against Diversified and Interlake and denied Crown's Motion to Strike as to that claim. Further, this Court ADOPTS the magistrate judge's recommendation to remand this action to the State of Hawai`i First Circuit Court.

This Court also DENIES Plaintiffs' request for sanctions against Crown.

This Court DIRECTS the Clerk of Court to send a certified copy of this order to the State of Hawai`i First Circuit Court and to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 12, 2013.



_/S/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States District Judge

**ESTATE OF ROEL TUNGPALAN, ET AL. V. CROWN EQUIPMENT CORPORATION; CIVIL NO. 11-00581 LEK-BMK; ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S OBJECTIONS; (2) AFFIRMING IN PART AND VACATING IN PART THE MAGISTRATE JUDGE'S ORDER MODIFYING THE SCHEDULING ORDER AND PERMITTING PLAINTIFFS TO FILE A FIRST AMENDED COMPLAINT; (3) AFFIRMING IN PART AND VACATING IN PART THE MAGISTRATE JUDGE'S ORDER DENYING RECONSIDERATION OF THE DECEMBER 24, 2012 ORDER, AND DENYING DEFENDANT'S MOTION TO STRIKE FIRST AMENDED COMPLAINT; AND (4) ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO REMAND THIS ACTION**